UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RAY K. HARTER, JR., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11CV2207 CDP |
| | ) | |
| DISNEY ENTERPRISES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiffs Ray Harter, Jr., Richard Kearney, and Ed Corno allege that they wrote a Christmas story referred to as *Santa Paws* or *Christmas Paws*. According to the complaint, they engaged the services of agent William Morris Endeavor Entertainment, LLC, (WME) to market the story, and the agents showed it to several companies, including a subsidiary of defendant Disney Enterprises, Inc. More than a decade later, Disney distributed two videos, *Santa Buddies: The Legend of Santa Paws* and *The Search for Santa Paws*. Plaintiffs contend that their copyrighted story was the basis for the Disney videos.

Plaintiffs bring this suit against various Disney-related defendants and WME for copyright infringement and civil conspiracy, and against WME for breach of fiduciary duty and negligence. WME filed a motion to dismiss for lack of personal jurisdiction and failure to state a claim. The Disney defendants filed a

motion to dismiss on the grounds that their videos are not substantially similar to any protected expression in plaintiffs' story.[1]

I conclude that plaintiffs have failed to carry their burden of showing that WME has the minimum contacts necessary to support personal jurisdiction in this district, so I will grant WME's motion to dismiss for lack of subject matter jurisdiction.  Because the Disney defendants' motion to dismiss requires me to consider matters outside of the pleadings, I will convert it to a motion for summary judgment.  I will set the motion for a hearing, but I will not allow the presentation of expert witnesses as requested by plaintiffs, as I believe I should determine the issue of substantial similarity based on the works themselves.  Because the parties are entitled to notice that I am converting the motion to one for summary judgment, I will give them an opportunity for any further briefing that they may think is required by the conversion.

<u>WME's Motion to Dismiss for Lack of Personal Jurisdiction</u>

WME is a limited liability company incorporated in Delaware, with its principal place of business in Beverly Hills, California.  WME provided an affidavit stating that it is a talent and literary agency, and that it renders most of its services in California, where its records are kept and the majority of its employees

---

[1]Plaintiffs also sued WME agents John Ferriter and Barry Jeffery, but they have moved to voluntarily dismiss those defendants without prejudice.  As there is no opposition, I will grant that motion and this order will not discuss those defendants further.

are located.  In addition to its offices in California, it has offices in New York,

Florida, Tennessee, and the United Kingdom, but it does not own property in or

have any offices in Missouri.  WME argues for dismissal for lack of personal

jurisdiction.  Plaintiffs concede that this court does not have general jurisdiction

over WME, as WME does not have a systematic or continuous presence in

Missouri.  *See Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646

F.3d 589, 593 (8th Cir. 2011) (differentiating between general and specific

personal jurisdiction). Therefore, the inquiry is whether this court can exercise

specific jurisdiction over WME based on its actions taken in Missouri relevant to

this case.

　　　In ruling on a motion to dismiss, a court must view the facts alleged in the

complaint in the light most favorable to the plaintiff.  *Toombs v. Bell*, 798 F.2d

297, 298 (8th Cir. 1986).  When personal jurisdiction is challenged by a defendant,

the plaintiff bears the burden to show that jurisdiction exists.  *K-V Pharm. Co. v. J.*

*Uriach & CIA, S.A*, 648 F.3d 588, 591-92 (8th Cir. 2011).  To successfully survive

a motion to dismiss challenging personal jurisdiction, a plaintiff must make a

prima facie showing of personal jurisdiction over the challenging defendant.  *Id.* at

591.

　　　For a federal court to exercise personal jurisdiction over a non-resident

defendant, two prerequisites must be satisfied.  *Johnson v. Arden*, 614 F.3d 785,

- 3 -

794 (8th Cir. 2010).  First, the forum state's long-arm statute must be satisfied. *Viasystems*, 646 F.3d at 593.  Second, the Court must determine whether the defendant has sufficient contacts with the forum state to satisfy the Due Process Clause of the Fourteenth Amendment.  *Johnson*, 614 F.3d at 794.  The due process and long-arm statute inquiries should be analyzed separately.  *Viasystems*, 646 F.3d at 593 n.2.

Missouri's long-arm statute provides for personal jurisdiction over any person or firm who, *inter alia*, either in person or through an agent transacts business, makes a contract, or commits a tort within Missouri.  Mo. Rev. Stat. § 506.500.1(1)-(3).  It also provides jurisdiction over extraterritorial acts that produce "actionable consequences" in Missouri, *see Noble v. Shawnee Gun Shop, Inc.*, 316 S.W.3d 364, 371 (Mo. Ct. App. 2010), so long as those consequences are a result of some purposeful conduct by the defendant directed at the forum state. *See J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780, 2789 (2011).

The requirement of minimum contacts is based on the notion that "those who live or operate primarily outside a State have a due process right not to be subjected to judgment in its courts as a general matter." *Nicastro*, 131 S.Ct. at 2787.  Due process requires that a plaintiff show that a non-resident have "minimum contacts" with the forum state and that the maintenance of the lawsuit does not offend "traditional notions of fair play and substantial justice." *Id.*  A

defendant's contacts with the forum state must be sufficient so that a non-resident defendant should reasonably anticipate being haled into court there. *World–Wide Volkswagen v. Woodson*, 444 U.S. 286, 297 (1980). The demand for sufficient minimum contacts "requires some act by which the defendant 'purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Nicastro*, 131 S.Ct. at 2787 (internal quotation marks and citation omitted). That is, "jurisdiction is viable only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state." *Romak USA, Inc. v. Rich*, 384 F.3d 979, 984 (8th Cir. 2004) (internal citations omitted).

The Eighth Circuit Court of Appeals established a five-factor test to determine the sufficiency of a non-resident defendant's contacts with the forum state. *Romak USA*, 384 F.3d at 984. The five factors are: 1) the nature and quality of contacts with the forum state; 2) the quantity of the contacts; 3) the relation of the cause of action to the contacts; 4) the interest of the forum state in providing a forum for its residents; and 5) convenience of the parties. *Id.* The first three factors are of "primary importance," while the last two factors are of "secondary importance" and as such are not determinative of personal jurisdiction. *Id.*

Plaintiffs have provided scant information about defendants' contacts with Missouri. In the complaint, plaintiffs only allege one direct contact with Missouri:

- 5 -

a letter sent to Corno on August 14, 1996.  In their brief opposing the motion,
plaintiffs argue that they had "extensive, frequent and somewhat regular contact
with Defendant WME regarding WME's representation of Plaintiffs' Storybook
and related materials," but they do not attach any affidavits to corroborate these
arguments or further explain the frequency of the alleged contacts.  A plaintiff's
prima facie showing "must be tested, not by pleadings alone, but by affidavits and
exhibits supporting or opposing the motion."  *Id.* at 592.  Further, as a general
matter, "[c]ontact by phone or mail is insufficient to justify exercise of personal
jurisdiction under the due process clause."  *Porter v. Berall*, 293 F.3d 1073, 1076
(8th Cir. 2002).  Thus, even if plaintiffs could prove the frequency and contents of
calls referenced in the brief, that still would not likely support a finding of
personal jurisdiction.

Regarding the third factor – the relation of this cause of action to the
contacts between WME and the state of Missouri – plaintiffs do not provide any
information about how the alleged communications are related to the claims
asserted in their complaint.  The only specific communication contained in the
complaint, the 1996 letter, was sent more than thirteen years before the alleged
infringement occurred.  It related only to the actions that WME was taking on
behalf of plaintiffs in attempting to market their story to potential filmmakers,
pursuant to the parties' contract.  The complaint does not explain any relationship

- 6 -

between these actions and the alleged infringement other than conclusory allegations that WME breached a fiduciary duty and was negligent.

As to the final two factors – interests of the forum state and convenience – which carry less weight and are not dispositive, *see Johnson*, 444 F.3d at 956, the facts also weigh in favor of concluding that this court does not have personal jurisdiction over WME.  Although Missouri has an interest in protecting its citizens from copyright infringement, all of the alleged infringement and actions leading up to that infringement occurred in California.  Plaintiffs' complaint alleges that they regularly traveled to and from California to make industry contacts, and it appears that California was the location of many of WME's actions to market the story as well.  All of the defendants are located in California. Though these factors are not dispositive, they weigh against the assertion of personal jurisdiction.

Plaintiffs have not met their burden of demonstrating that this court may exercise personal jurisdiction over defendant WME.  Though they state in their response that they are willing to provide additional facts to the court if necessary for a finding of personal jurisdiction, their obligation to show personal jurisdiction arose when they filed the complaint and when they were faced with WME's motion.  It was their burden to provide facts showing that personal jurisdiction is

appropriate, and they have failed to do so.  I will grant WME's motion to dismiss
it from this case.

### Disney Defendants' Motion to Dismiss for Lack of Substantial Similarity

The Disney defendants filed a motion to dismiss for failure to state a claim.
They assert that their movies are not substantially similar to any protected
expression in plaintiffs' story, as required for a copyright infringement claim.  In
support of that motion, defendants attached copies of the videos themselves and
corresponding scripts, none of which was attached to the complaint itself.  The
Disney defendants also provided a copy of the plaintiffs' complete short story.[2]
Plaintiffs agreed that the movies were accurate copies of those works and stated
that although they had never seen the scripts before, they had no reason to contest
their accuracy.  They also agreed that the short story provided by the Disney
defendants was a full and accurate copy of plaintiffs' copyrighted work, except
that the original work was in color, while the copy presented to the court was in
black and white.  The Disney defendants contend that these works themselves are
the only evidence necessary for this court to find that their movies are not
substantially similar to any protected expression in plaintiffs' short story.

---

[2]Though plaintiffs attached their short story as an exhibit to their complaint, it was
missing several pages.  Therefore, the Disney defendants attached a complete copy as support for
their motion to dismiss.

Under Federal Rule of Civil Procedure 12(d), when "matters outside the pleadings are presented to and not excluded by the court" on a motion to dismiss under Rule 12(b)(6) or 12(c), "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Upon conversion to a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.*; *Brooks v. Midwest Heart Grp.*, 655 F.3d 796, 800 (8th Cir. 2011).

Though defendants present case law indicating that I may consider the similarity of the works through a motion to dismiss, I conclude that it is more appropriate under Federal Rule of Civil Procedure 12(d) to convert it to a motion for summary judgment because I must consider materials that are outside the scope of the pleadings, namely, the movies, scripts, and complete short story. Therefore, as required by Rule 12(d), I will treat the Disney defendants' motion to dismiss for failure to state a claim as a motion for summary judgment under Federal Rule of Civil Procedure 56, and I will allow the parties additional time to present any additional briefing or materials they believe may be necessary for consideration of this motion as one for summary judgment.

In their response brief, plaintiffs also requested discovery in the form of expert evidence regarding the similarity between the motion pictures and the short story. In determining a question of substantial similarity for a copyright

infringement claim, it is appropriate to consider only the works themselves.

Where both the copyrighted work and allegedly infringing work "are in the record,

the trial court has sufficient evidence upon which to enter summary judgment."

*Nelson v. PRN Prods., Inc.*, 873 F.2d 1141, 1143 (8th Cir. 1989).  Because the

works at issue in this case are the only evidence I need to consider to make a

determination of substantial similarity, expert testimony would not be helpful at

this stage of the proceedings.  I will set the motion for summary judgment for oral

argument, and both counsel are free to use the works to demonstrate any points

they believe might not be sufficiently shown in writing.

If disputes remain after I rule on the motion for summary judgment, a

scheduling conference pursuant to Federal Rule of Civil Procedure 16 will be held

to develop a case management order to govern the remaining proceedings in this

case.

Accordingly,

**IT IS HEREBY ORDERED** that defendant WME's motion to dismiss

[#38] is GRANTED, and plaintiffs' claims against defendant WME are dismissed

without prejudice for lack of personal jurisdiction.

**IT IS FURTHER ORDERED** that the Disney defendants' motion to

dismiss [#28] is converted to a motion for summary judgment pursuant to Federal

Rule of Civil Procedure 12(d).

**IT IS FURTHER ORDERED** that the parties shall file any additional briefing or materials pertinent to the conversion of the motion to dismiss to a motion for summary judgment no later than **July 23, 2012**.

**IT IS FURTHER ORDERED** that the motion for summary judgment is set for oral argument on **Tuesday, August 14, 2012 at 9:00 a.m.**  Each side will have a maximum of forty-five (45) minutes to make its argument.

**IT IS FURTHER ORDERED** that the plaintiffs' motion to dismiss defendants Barry Jeffery and John Ferriter without prejudice [#30] is GRANTED.


CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of July, 2012.