UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RAY K. HARTER, JR., et al.,  )<br>  )<br>  Plaintiffs,  )<br>  )<br>  vs.  )<br>  )<br>DISNEY ENTERPRISES, INC., et al.,  )<br>  )<br>  Defendants.  ) | Case No. 4:11CV2207 CDP |

## MEMORANDUM AND ORDER

Plaintiffs Ray Harter, Jr., Richard Kearney, and Ed Corno wrote a Christmas story called *Santa Paws: The Story of Santa's Dog*.  More than a decade later, Disney distributed two videos, *Santa Buddies: The Legend of Santa Paws* and *The Search for Santa Paws*.  Plaintiffs contend that their copyrighted story was the basis for the Disney videos.  Plaintiffs bring this suit against various Disney-related defendants for copyright infringement and civil conspiracy.  The Disney defendants seek summary judgment on plaintiffs' complaint on the ground that their videos are not substantially similar to any protected expression in plaintiffs' story.  Because the defendants' works are not substantially similar to the protected expression in plaintiffs' short story, I will grant the Disney defendants' motion for summary judgment.

## Background

Plaintiffs drafted an illustrated children's story, alternatively called *Santa Paws* and *Christmas Paws*, in 1991.  They registered copyrights on their story under both titles in 1992 and 1993.  Around that time, they engaged the services of agent William Morris Endeavor Entertainment, LLC (WME), to market the story.  Their agents showed it to several companies, including a subsidiary of defendant Disney Enterprises, Inc.  Although some of the companies contacted about the story expressed interest in developing a movie based on it, no further action was ever taken to produce it.

In 2009, Disney released a movie called *Santa Buddies: The Legend of Santa Paws*, and in 2010, it released another movie called *The Search for Santa Paws*.  Plaintiffs believed that their story was the basis for these movies.  They filed this case on December 20, 2011, asserting copyright infringement against various Disney defendants and WME and its agents;[1] breach of fiduciary duty against WME and its agents; negligence against WME and its agents; and civil conspiracy against all defendants.

All defendants filed motions to dismiss the complaint.  I previously granted WME's motion to dismiss on the basis that I lacked personal jurisdiction over that party.  Additionally, I converted the Disney defendants' motion to dismiss into this

---

[1] The plaintiffs voluntarily dismissed the agents of WME as defendants.

motion for summary judgment because it requires me to consider evidence outside of the pleadings – the short story, the videos, and the corresponding screenplays. The Disney defendants' motion argues for summary judgment on the ground that their videos are not substantially similar to any protected expression in plaintiffs' story.

## Discussion

In determining whether summary judgment should issue, I must view the facts and inferences from the facts in the light most favorable to the nonmoving party, here the plaintiffs. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party has the burden to establish both the absence of a genuine issue of material fact, and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in its pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e).

In order to ultimately prevail on their claim for copyright infringement, plaintiffs must establish two elements: (1) plaintiffs' ownership of a valid copyright for their short story, and (2) defendants' copying of the original

elements of that story. *Feist Publ'ns Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *Rottlund Co. v. Pinnacle Corp.*, 452 F.3d 726, 731 (8th Cir. 2006). For purposes of this motion, the defendants concede that plaintiffs own a valid copyright for their short story.

The second element of a copyright infringement claim – defendants' copying of the copyrighted material – may be established either: (a) by presenting direct evidence of copying; or (b) "by showing that the defendants had access to the copyrighted materials and showing that substantial similarity of ideas and expression existed between the alleged infringing materials and the copyrighted materials." *Rottlund*, 452 F.3d at 731. The plaintiffs apparently do not allege that there was direct copying of their short story, as the works are not literally the same and the plaintiffs' arguments focus instead on the substantial similarity of the works. Because the defendants concede for purposes of this motion that they had access to the copyrighted material, the only remaining issue is whether there is a substantial similarity of ideas and expression between the plaintiffs' short story and the defendants' videos or screenplays.

The Eighth Circuit has developed a two-step test for analyzing the similarity between two works:

> There must be substantial similarity not only of the general ideas but of the expressions of those ideas as well. First, similarity of ideas is analyzed extrinsically, focusing on objective similarities in the details of the works. Second, if there is substantial similarity in ideas,

> similarity of expression is evaluated using an intrinsic test depending on the response of the ordinary, reasonable person to the forms of expression.

*Hartman*, 833 F.2d at 120 (internal quotation marks and citations omitted).

When applying the extrinsic test, the focus is on the objective characteristics of the two works. *Id.* This analysis includes consideration of "the type of artwork involved, the materials used, the subject matter, and the setting for the subject." *Nelson v. PRN Prods., Inc.*, 873 F.2d 1141, 1143 (8th Cir. 1989). Specifically, in the context of literary works and stories, the Ninth Circuit has set out several factors to be considered: "plot, themes, dialogue, mood, setting, pace, characters, and sequence of events." *Berkic v. Crichton*, 761 F.2d 1289, 1291 (9th Cir. 1985).[2] Based on these elements, I conclude that the works are not substantially similar in their ideas as a matter of law.

There exists some similarity of ideas between the plaintiffs' short story and each of defendants' videos. The plots of the story and each of defendants' movies involve some threat to the Christmas holiday or spirit, which is then saved by a

---

[2]The Eighth Circuit adopted its general framework for the extrinsic and intrinsic tests from the Ninth Circuit, as set forth in *Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp.*, 562 F.2d 1157 (9th Cir. 1977). *See, e.g.*, *Hartman*, 833 F.2d at 120. Though the Eighth Circuit has not outlined specific factors for analysis of literary and dramatic works, I find it instructive to consider the factors set out by Ninth Circuit in cases following the same framework. *See Berkic*, 761 F.2d 1289; *Litchfield v. Spielberg*, 736 F.2d 1352 (9th Cir. 1984). The Ninth Circuit has since slightly changed its test to eliminate the dichotomy between ideas and expression, combining both elements in the same test, *see Shaw v. Lindheim*, 919 F.2d 1353, 1357 (9th Cir. 1990), but the Eighth Circuit has not yet modified its test after those factors were set out by the Ninth Circuit. Therefore, those factors are still helpful in the analysis for this case.

talking Christmas dog.  All of the works feature a dog named "Paws," "Santa Paws," or "Puppy Paws."  They all include other characters such as Santa, talking dogs, elves, and other helpers.  All of the works also involve some sort of antagonist who is trying to ruin Christmas or cause some other type of trouble for the main characters in the story.  The short story and the videos take place, in part, at the North Pole, and all of the works also use an American city or town as a second setting.

Apart from these general similarities, a few more specific characteristics are shared between these works.  The plaintiffs' short story includes a magical icicle, which is used by the story's antagonist to transform herself into a snowflake and freeze Santa and his reindeer, and ultimately used by the main character to unfreeze Santa and save Christmas.  In the defendants' movies, there is also a magical ice crystal that measures Christmas spirit in the world, and the main characters wear crystals around their neck that have magical powers, including the power to awaken Santa after he goes into a coma in *The Legend of Santa Paws*.  Though the presence of a magical icicle or ice crystal is similar, the idea of magic in a Christmas story is not original, nor is the use of ice for that purpose original in a setting such as the North Pole.

Both plaintiffs' short story and the *Santa Buddies* video also feature a Christmas tree.  In the short story, the Christmas tree is one of the talking

- 6 -

characters, and his lights turn off when Christmas spirit is low.  In the *Santa Buddies* movie, there is a Christmas tree that has broken lights, but they turn on when the main character walks by wearing his magical ice crystal, not as a result of an increase in Christmas spirit.  The purpose of the Christmas tree in the story therefore appears to be more akin to the magical icicle in the movie.  Again, however, the idea of Christmas spirit – and the lack thereof – being embodied by some sort of object is not an original idea.

Additionally, there are instances of similar dialogue in plaintiffs' story and *The Legend of Santa Paws*, but there are no claimed similarities in dialogue in the *Santa Buddies* movie.  Both *The Legend of Santa Paws* and the plaintiffs' story use dialogue about Paws being a "gift" for Santa, and both mention Christmas spirit being "down" or "out of whack."  More specifically, when Santa receives the dog as a gift in the story, he states: "I'm going to call you . . . PAWS."  In *The Legend of Santa Paws*, he states: "I think I'm going to name him Paws."  At the end of each story, Santa changes Paws's name to Santa Paws.  In the story, he states: "From now on your name will be Santa Paws . . . my one and only dog."  In *The Legend of Santa Paws*, Santa says: "You're no longer a pup.  From now on your name will be Santa Paws."  As plaintiffs point out, these lines are stated at similar points in the story.  However, it is not an original idea to name Santa's dog "Paws" or "Santa Paws," as it rhymes with "Claus."  These short phrases are also

fairly insubstantial when compared to the other dissimilarities in dialogue and plot between the stories.

Apart from these abstract similarities, the remaining elements of the plaintiffs' short story and defendants' movies are substantially dissimilar. Furthermore, most of the aforementioned similarities between the plaintiffs' short story and the defendants' works are not protected by copyright law. The Copyright Act specifically states that "[i]n no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work." 17 U.S.C. § 102(b). For example, the idea of naming the dog "Santa Paws" in a Christmas movie is merely that – an idea. The remaining aspects of the plot surrounding the Christmas dog are entirely dissimilar. Furthermore, "the mere employment of *scènes à faire* – defined as 'incidents, characters or settings which are as a practical matter indispensable, or at least standard, in the treatment of a given topic' – cannot amount to infringing conduct." *Frye v. YMCA Camp Kitaki*, 617 F.3d 1005, 1008 (8th Cir. 2010). The presence of Santa, elves, and other helpers and the setting of the North Pole in a Christmas story are standard.

At their most fundamental levels – and incidentally the level at which these works seem the most similar – these stories involve some sort of threat to

Christmas and the Christmas spirit, and ultimately the main protagonist, a talking dog, saving Santa or saving Christmas.  This is nothing more than a "general plot idea," which is not protectible.  *See, e.g.*, *Berkic*, 761 F.2d at 1293.  Based on an analysis of the objective similarities of the works, I conclude that the ideas in defendants' movies are not substantially similar to plaintiffs' short story.

Because I have concluded that there is not a substantial similarity of ideas between the plaintiffs' short story and the defendants' works, I need not conduct an intrinsic analysis of these works.  However, even if there was a substantial similarity of ideas between these works, plaintiffs' copyright claim also fails under the intrinsic test.  "Infringement of expression occurs only when the total concept and feel of the works in question are substantially similar."  *Hartman*, 833 F.2d at 120-21.  I conclude that no reasonable viewer of the defendants' movies – or reader of their corresponding screenplays – would recognize them as a "dramatization or picturization" of plaintiffs' short story.  *See Litchfield v. Spielberg*, 736 F.2d 1352, 1357 (9th Cir. 1984).  I will therefore grant the Disney defendants' motion for summary judgment on plaintiffs' claim for copyright infringement.

The only remaining allegation in plaintiffs' complaint is the civil conspiracy count.  Plaintiffs concede in their response brief "that the civil conspiracy cause of action is dependent upon a finding of liability on another count and, accordingly,

should be dismissed only in the event that every other count is dismissed as to every defendant." (Doc. #43, at 25).  *See also Williams v. Mercantile Bank of St. Louis NA*, 845 S.W.2d 78, 85 (Mo. Ct. App. 1993) ("Conspiracy is not itself actionable in the absence of an underlying wrongful act or tort.").  Because every other count has indeed been dismissed as to every remaining defendant, plaintiffs' civil conspiracy claim necessarily also fails as a matter of law.  I will therefore grant defendants' motion for summary judgment on plaintiffs' claim for civil conspiracy.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for summary judgment on Counts 1 and 4 of plaintiffs' complaint [#28] is GRANTED.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 20th day of September, 2012.